UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE LG/ZENITH REAR PROJECTION TELEVISION CLASS ACTION LITIGATION | : : : : : | **CASE NO: 06-cv-5609 (JLL)(CCC)** |
| THIS DOCUMENT RELATES TO: | : : : | **CONSOLIDATED CLASS ACTION COMPLAINT** |
| ALL ACTIONS | : : : : : | **JURY TRIAL DEMAND** |

Mike Roberts, Gerald Morgan, Brian Wyatt, Oreste Macri, Jim Stockstad, John Peters, Martin Bastress, and Vicki Johnston (collectively, "Plaintiffs"), by and through their attorneys, make the following allegations and claims in this complaint against LG Electronics USA, Inc., Zenith Electronics Corporation, and  LG Electronics, Inc. (collectively referred to as "LG" or "Defendants").  The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiffs, which are made upon knowledge.

## IDENTIFICATION OF PARTIES (LOCAL RULE 10.1)

1.      The names and addresses of the named parties to this action are as follows:  (i) Plaintiff Mike Roberts, 3780 Fringetree Lane, Melbourne, Florida 32940; (ii) Plaintiff Gerald Morgan, 2603 Bridge Ave., Davenport, Iowa 52803; (iii) Plaintiff Brian Wyatt, 7416 East Colony Drive, Nashville, TN 37221; (iv) Plaintiff Oreste Macri, 14977 71st Place North, Loxahatchee, FL 33470; (v) Plaintiff Jim Stockstad, 1228 12th Street North, Morehead, MN 56560; (vi) Plaintiff John Peters, 265 Bahia Avenue, Hershey, PA 17033; (vii) Plaintiff Martin Bastress, 7646 Redtail Lane, N. Malone, WI 53049; (viii) Plaintiff Vicki Johnston, 3600 Grantline Rd., Mims, FL 32754;   (ix) Defendant LG

Electronics USA, Inc., 1000 Sylvan Ave., Englewood Cliffs, NJ 07632; (x) Defendant Zenith Electronics Corporation, 1000 Sylvan Ave., Englewood Cliffs, NJ 07632; and (xi) Defendant LG Electronics, Inc., LG Twin Towers, 20, Yeouido-dong, Youngdungpo-gu, Seoul, Republic of Korea 150-721.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. §1332(d), because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between proposed class members and Defendants.

3.      Venue is proper in this District under 28 U.S.C. §1391(a)(1) and (2). Defendant LG Electronics USA, Inc., which is a wholly owned subsidiary of LG Electronics, Inc., maintains its headquarters in Englewood Cliffs, New Jersey.  Defendant Zenith Electronics Corporation is a wholly owned subsidiary of New Jersey based LG Electronics USA, Inc., through which all Zenith brand products, including those at issue herein, are sold and serviced in the United States.  Defendants conduct substantial ongoing business in this District, including the importing, promoting, selling, and marketing of their products in this District and the United States.  The substantial ongoing consumer-oriented business conducted by Defendants within and from New Jersey, which includes the importing, promoting, selling, and marketing of defective LCD projection televisions to members of the proposed class, is sufficient to bring all Defendants within the jurisdiction of this Court and makes venue proper in this District. The events and conduct giving rise to the violations of law alleged in this action constitute interstate commerce, and a significant portion thereof occurred in and emanated from this District.

## PRELIMINARY STATEMENT

4.      This class action is brought by Plaintiffs to obtain damages and equitable relief for themselves, and all others similarly situated in the United States, who purchased

certain LCD Projection HDTV Televisions manufactured by LG that were sold in the United States by LG under both its LG and Zenith brand names (the "Televisions"), including model numbers D44WLCD, D52WLCD, D60WLCD, RU52SZ30, RT-52SZ31RB and RU60SZ30l, all of which suffer from the identical characteristic and inherent defect (the "Defect"). The Defect, which manifests itself over time, causes blue haze, blue streaks, blue clouds, and other video anomalies, to appear and obscure the viewing screen, and renders the Televisions unsuitable for their principal and intended purpose.

5.     LG has been aware of the Defect since at least 2005. Nevertheless, LG continued to sell the Televisions to unsuspecting consumers upon the affirmative misrepresentation that the Televisions were not only fit for their intended purpose, but were also of the very highest quality and incorporated the newest and best technology, perpetrating a massive consumer fraud on tens of thousands of unsuspecting consumers. Moreover, LG induced consumers to purchase and install replacement "light engines" and related components at a cost of approximately $2,000.00, that LG represented would correct the Defect, even though LG knew that these replacement parts would not permanently and/or effectively correct the Defect, and that the Defect would manifest itself again shortly after this so-called repair.

6.     Aware that the Televisions suffer from the Defect and that LG cannot remedy the Defect, LG ceased production and sales of LCD projection televisions. LG, however, has not offered any relief to the class of tens of thousands of consumers who purchased the Televisions and/or incurred substantial expenses in a futile effort to correct the Defect.

**PARTIES**

7.     Plaintiff Mike Roberts purchased a Television containing the Defect, has experienced the Defect resulting in the discoloration of the screen as set out herein, suffered injury as a direct result and resides in Melbourne, Florida.

8.     Plaintiff Gerald Morgan purchased a Television containing the Defect, has experienced the Defect resulting in the discoloration of the screen as set out herein, suffered injury as a direct result and resides in Davenport, Iowa.

9.     Plaintiff Bryan Wyatt purchased a Television containing the Defect, has experienced the Defect resulting in the discoloration of the screen as set out herein, suffered injury as a direct result and resides in Nashville, Tennessee.

10.     Plaintiff Oreste Macri purchased a Television containing the Defect, has experienced the Defect resulting in the discoloration of the screen as set out herein, suffered injury as a direct result and resides in Loxahatchee, Florida.

11.     Plaintiff Jim Stockstad purchased a Television containing the Defect, has experienced the Defect resulting in the discoloration of the screen as set out herein, suffered injury as a direct result and resides in Morehead, Minnesota.

12.     Plaintiff John Peters purchased a Television containing the Defect, has experienced the Defect resulting in the discoloration of the screen as set out herein, suffered injury as a direct result and resides in Hershey, Pennsylvania.

13.     Plaintiff Martin Bastress purchased a Television containing the Defect, has experienced the Defect resulting in the discoloration of the screen as set out herein, suffered injury as a direct result and resides in Malone, Wisconsin.

14.     Plaintiff Vicki Johnston, purchased a Television containing the Defect, has experienced the Defect resulting in the discoloration of the screen as set out herein, suffered injury as a direct result and resides in Mims, Florida.

15.     Defendant LG Electronics USA, Inc. is a Delaware corporation, with its principal offices located in Englewood Cliffs, New Jersey.  LG Electronics USA, Inc. is a

4

marketer and distributor of consumer electronic products, including the Televisions which form the subject matter of this action, which it caused to be placed into the stream of commerce within this District and throughout the United States.

16.     Zenith Electronics Corporation is a Delaware corporation with its principal offices in LG Electronics USA, Inc.'s facilities in Englewood Cliffs, New Jersey.  Zenith Electronics Corporation is a wholly owned subsidiary of LG Electronics USA, Inc., which operates effective and complete control over it.  All Zenith consumer electronics products are sold and serviced in the United States by LG Electronics USA, Inc.  Zenith Electronics Corporation has few – if any – business operations separate and apart from its parent company.

17.     Defendant LG Electronics, Inc. is a corporation formed under the laws of the Republic of Korea, with its headquarters in Seoul, Republic of Korea.  LG Electronics, Inc. designed, manufactured, and marketed the Televisions, and purposefully caused them to be placed into the stream of commerce within this District and throughout the United States.

## STATEMENT OF FACTS

18.     HDTV refers to high definition television -- a method of portraying television images in high resolution, with a high degree of picture detail and accuracy. HDTV televisions command prices several times higher than those for common standard definition television sets.  Consumers purchasing HDTV televisions therefore pay a significant premium for the ability to enjoy the high quality picture such television sets offer.  Further, HDTV televisions are marketed to consumers as necessary to take advantage of new technologies that are not widely available, including High Definition programming available through cable and satellite television, as well as High Definition DVDs.

19.     LG marketed the Televisions as high end consumer electronic devices offering superior picture quality, and being capable of taking full advantage of the High

Definition programming and reproducing video programs with a clear picture and accurate color reproduction.  LG's claims allowed it to command premium prices for these Televisions, which it sold for as much as $4,000.00 or more.

20.     Unfortunately, rather than displaying the excellent video playback which consumers paid so dearly for, the Televisions instead display bright blue haze, blue clouds, and blue streaks which cover the programming on the television screen.  These blue video artifacts obscure the picture, distort the color, and diminish the detail of the image, rendering the Televisions entirely unusable for the purposes for which they were intended by consumers.

21.     The bright blue haze, blue clouds, and blue streaks are believed to be caused by a condition in a component contained in the Television which is known as the "light engine," and related components.  The light engine and related components cause the video signal to be displayed as a picture on the viewing screen.  The defect in the light engine and related components causes the offending blue haze, blue clouds, and blue streaks to manifest themselves over time and gradually worsen.

22.     To date, despite its awareness of the existence of the Defect, LG has been unable or unwilling to develop or offer to consumers any permanent fix for the problem.  Instead, LG has discontinued production and sales of these products, and concealed both the existence of the Defect as well as the fact that there is no effective repair for it.

23.     Instead of an efficacious repair, LG has merely offered to sell and install replacement light engines, for which it and its authorized service centers charge as much as $2,000.00 or more.  These replacement light engines contain the same Defect as the components they are meant to replace, and serve as nothing more than a temporary "band-aid" fix. Thus, not only has LG not remedied the problem, but LG has sought to profit, and has profited, from the problem.  Even for consumers interested in paying for this "band-aid" fix, there have been severe delays in obtaining repairs and some

consumers have been told that the televisions cannot be repaired because parts are unavailable.

24.     Further, despite knowing about the Defect at least as early as 2005, and likely earlier, LG has continued to misrepresent to consumers that the Televisions provide excellent video quality, and knowingly omitted to disclose the existence of the Defect to consumers – none of whom would have purchased the Televisions, or suffered damages as a consequence, had they known of this highly material fact.

25.     To date, LG has neither acknowledged the Defect, nor repaired or replaced the defective Televisions.

26.     As a direct result of LG's actions, all plaintiffs and consumers who comprise the class who have purchased the Televisions have suffered injury in fact, have been damaged and have suffered a loss of money or property for having paid thousands of dollars for a product that does not, can not, and will not, work.

**CLASS ACTION ALLEGATIONS**

27.     Plaintiffs bring this action on behalf of themselves and all other members of a class consisting of all purchasers of the Televisions in the United States (the "Class").  Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, including employees, officers, and directors.

28.     The Class is composed of no fewer than tens of thousands of persons nationwide, and is sufficiently numerous for class treatment.  The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

29.     Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse to the interests of other members of the Class.

30.     This dispute raises questions of law and fact that are common to all Class members.   Those common questions predominate over questions that arise on an individual basis for Class members.   The common questions of law and fact include, without limitation:

(a)     Whether LG's representations, omissions, and conduct regarding the Televisions were misleading or false;

(b)     Whether LG's representations and conduct were likely to deceive consumers into believing that the Televisions operated properly;

(c)     Whether LG violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*;

(d)     To the extent other State laws prohibiting consumer deception are applicable, whether LG violated the respective laws of those States;

(e)     Whether LG engaged in deception in marketing the Televisions;

(f)     Whether LG undertook a course of conduct to hide the existence of the Defect from the members of the Class;

(g)     Whether the Defect constitutes a manufacturing or design defect;

(h)     Whether the Defect constitutes a breach of LG's warranties;

(i)     Whether the members of the Class have been injured by LG's conduct;

(j)     Whether the members of the Class have sustained damages and are entitled to restitution as a result of LG's wrongdoing and, if so, what is the proper measure and appropriate formula to be applied in determining such damages and restitution; and

(k)     Whether the members of the Class are entitled to injunctive relief.

31.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class action litigation.

32.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.   Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

33.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.   If a Class or general public action is not permitted, Class members will continue to suffer losses and LG's misconduct will continue without proper remedy.

34.     LG has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**Violation of New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1, *et seq.*)**
**(Against All Defendants)**

35.     Each of the above allegations is incorporated herein.

36.     LG's aforementioned affirmative misrepresentations and knowing omissions of material facts, as well as its wrongful warranty practices, were largely disseminated and directed from the principal offices of LG Electronics USA, Inc., and Zenith Electronics Corporation, in Englewood Cliffs, New Jersey.   Therefore, based upon the choice of law rules applied in this District, Plaintiffs preliminarily identify the

substantive laws of New Jersey as the most likely to apply to the actions and omissions complained of herein.

37.     In violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, and particularly N.J.S.A. 56:8-2, LG used and employed unconscionable commercial practices, deception, fraud, misrepresentations, and/or the knowing concealment, suppression, and/or omission of material facts with the intent that others rely thereon, in its marketing, distribution, sale, advertisement of the Televisions, and in responding to customer inquiries concerning the Televisions.

38.     These misrepresentations, omissions and unconscionable commercial practices include the following:

(a)     LG misrepresented that the Televisions were free from defects, when in fact they contain a significant defect that renders the Televisions entirely unfit and unusable;

(b)     LG represented that the Televisions were capable of properly rendering a video program, and that they were able to do so with a high degree of precision, when in fact they are unable to do so due to the bright blue haze, clouds, and streaks which the Defect causes to appear across the viewing screen and interfere with the picture;

(c)     LG represented that the Televisions would allow consumers to take advantage of High Definition programming that would be widely available in the future when, in fact, the Defect would render the Televisions unusable within a brief time period after purchase;

(d)     LG represented in marketing materials and product manuals that the Televisions had characteristics which they did not have, as the Televisions were incapable of properly rendering video without blue streaks, clouds and haze across the viewing screen;

(e)     LG represented that the Televisions were of a particular standard, namely, that they would properly play HDTV and standard definition programming, when in fact they would not without blue streaks, clouds and haze across the viewing screen;

(f)     LG advertised the Televisions as providing high quality video playback with the intent not to sell the Televisions as advertised – indeed, LG continued selling the Televisions even after it became aware of the Defect;

(g)     LG represented that the Televisions were capable of high quality, color accurate, video display, when in fact they were not;

(h)     To fraudulently conceal the existence of the Defect and delay legal action by consumers, LG represented that it could repair the Defect by replacing the "light engine" and related components, even though it knew this repair would not permanently correct the Defect; and

(i)     To reap further profits to which it was not entitled,, LG induced consumers to pay for replacement "light engines" and the labor to install those parts by affirmatively misrepresenting the consumers that these replacement light engines would repair the aforementioned problems, even though LG knew those repairs would not remedy the Defect.

39.     The acts, practices, misrepresentations and omissions by LG described above constitute unconscionable, unlawful, fraudulent and deceptive commercial practices.   LG knew that its Televisions contained a characteristic defect, and it determined to benefit economically by distributing these defective products to consumers.   Plaintiffs and members of the Class each suffered thousands of dollars in damages by purchasing Televisions that due to the Defect are unusable in that the picture is obscured by blue haze, streaks, clouds and other video anomalies caused by the Defect. LG's conduct presents a continuing threat to Plaintiffs, Class members, and the general

public in that LG has refused to publicly acknowledge the Defect, correct its wrongdoing, and provide compensation for the damages it has caused to consumers.

## SECOND CAUSE OF ACTION
### Unfair and Deceptive Acts and Practices Under State Laws
### (Against All Defendants)

40.     Each of the above allegations is incorporated herein.

41.     The practices discussed above constitute unfair competition or unfair, unconscionable, deceptive, fraudulent, or unlawful acts or business practices in violation of the state consumer protection statutes listed in ¶¶ 42-86, below.

42.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

43.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.*

44.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*

45.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*

46.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.*

47.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*

48.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*

49.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*

50.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. Code § 28-3901, *et seq.*

51.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*

52.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. §10-1-392, *et seq.*

53.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*

54.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*

55.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505, *et seq.*

56.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*

57.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*

58.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*

59.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*

60.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*

61.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*

62.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*

63.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 8.31, *et seq.*

64.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Missouri Stat. § 407.010, *et seq.*

65.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*

66.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*

67.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*

68.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*

69.     Defendants have engaged in unfair competition or unfair, unconscionable or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq.*

70.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq.*

71.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349 *et seq.*

72.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*

73.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. CODE § 51-15-01, *et seq.*

74.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*

75.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of Okla. Stat. 15 § 751, *et seq.*

76.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*

77.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*

78.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*

79.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*

80.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*

81.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*

82.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*

83.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code. § 13-11-1, *et seq.*

84.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451, *et seq.*

85.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*

86.     Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Wash. Rev. Code. § 19.86.010, *et seq.*

87.     Plaintiffs and members of the Class have been injured by reason of LG's unfair and deceptive acts and practices in regard to their manufacturing, marketing, sale, and warranty practices relating to the defective Televisions.  These injuries are of the type that the above State consumer protection statutes were designed to prevent, and are the direct result of LG's unlawful conduct.

**THIRD CAUSE OF ACTION**
**Violation of Magnuson-Moss Act (15 U.S.C. §2301 *et seq.*)**
**(Against All Defendants)**

88.     Each of the above allegations is incorporated herein.

89.     Plaintiffs and the Class are consumers as defined in 15 U.S.C. §2301(3).

90.     Defendants are suppliers and warrantors as defined in 15 U.S.C. §2301 (4)(5).

91.     The Televisions are consumer products as defined in 15 U.S.C. §2301(6).

92.     By reason of LG's breach of its express written warranties stating that the Televisions would operate properly, were free from material defects, and that LG would repair or replace any such defects, Defendants have violated the statutory rights due the Plaintiffs and the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, thereby damaging Plaintiffs and the Class.

**FOURTH CAUSE OF ACTION**
**Breach of Express Warranty**
**(Against All Defendants)**

93.     Each of the above allegations is incorporated herein.

94.     LG's affirmations of fact and/or promises relating to the Televisions created express warranties that the products purchased by Plaintiffs and the Class would operate properly and without defects, and would therefore render video images without extraneous artifacts which would impair the viewing of the video program.

95.     Alternatively, LG's descriptions of the Televisions became part of the bases of the bargains between consumers and LG, creating express warranties that the product purchased by Plaintiffs and the Class would conform to LG's representations.

96.     In fact, the Televisions purchased by Plaintiffs and the Class did not so conform.

97.     As a result of the foregoing, Plaintiffs and the Class have suffered damages.

### FIFTH CAUSE OF ACTION
### Breach of Implied Warranty
### (Against All Defendants)

98.     Each of the above allegations is incorporated herein.

99.     LG's affirmations of fact and/or promises relating to the Televisions created implied warranties that the products purchased by Plaintiffs and the Class would operate properly and without defects, and would therefore portray video without extraneous artifacts that would impair the viewing of the video program.

100.    Alternatively, LG's descriptions of the Televisions became part of the bases of the bargains between consumers and LG, creating implied warranties that the product purchased by Plaintiffs and the Class would conform to LG's representations.

101.    In fact, the Televisions purchased by Plaintiffs and the Class did not so conform.

102.    As a result of the foregoing, Plaintiffs and the Class have suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as follows:

A.      Declaring that this action is properly maintainable as a class action and certifying Plaintiffs as Class representatives;

B.      Awarding Plaintiffs and the Class compensatory damages, treble damages pursuant to N.J.S.A. 56:8-19, and pre-judgment and post-judgment interest;

C.      Awarding damages to Plaintiffs and the other Class members for LG's breach of contract;

D.      Awarding restitution and disgorgement as a result of LG's unfair business practices and untrue and misleading advertising;

E.      Awarding Plaintiffs and the Class compensatory and punitive damages and enjoining the Defendants from continuing their illegal practices set forth above;

F.      Requiring LG to inform the public of the Defect inherent in the Televisions and enjoining LG from refusing to perform its warranty obligations;

G.      Enjoining LG from selling the Televisions;

H.      Enjoining LG from selling replacement "light engines" to consumers seeking repairs;

I.      Awarding pre- and post-judgment interest;

J.      Awarding attorneys' fees, expenses, and costs; and

K.      Providing such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.


DATED:  June 26, 2007                               PINILIS HALPERN LLP

                                                    William J. Pinilis/s/

                                                    _____

                                                    William J. Pinilis
                                                    237 South Street
                                                    Morristown, NJ 07960
                                                    Telephone:  (973) 401-1111
                                                    Facsimile:  (973) 401-1114


                                                    ROBERT I. LAX & ASSOCIATES
                                                    Robert I. Lax
                                                    535 Fifth Avenue, Suite 2100
                                                    New York, NY 10017
                                                    Telephone: (212) 818-9150
                                                    Facsimile:  (212) 208-4309

                                                    *Chair of the Plaintiffs' Counsel
                                                    Executive Committee*


                                                    THE SOBELSOHN LAW FIRM
                                                    Daniel E. Sobelsohn
                                                    1901 Avenue of the Stars, 2nd Floor
                                                    Los Angeles, CA 90067
                                                    Telephone: (310) 461-1332
                                                    Facsimile: (310) 861-5205

                                                    LANGE & KONCIUS, LLP
                                                    Joseph J.M. Lange
                                                    Jeffrey A. Koncius
                                                    222 North Sepulveda Blvd., Suite 1560
                                                    El Segundo, CA 90245
                                                    Telephone: (310) 414-1880
                                                    Facsimile:  (310) 414-1882

THE HERSKOWITZ LAW FIRM
Jon Herskowitz
9100 S. Dadeland Boulevard, Suite 1000
Miami, FL 33156
Telephone: (305) 670-0101
Facsimile:  (305) 670-2393

*Plaintiffs' Counsel Executive Committee*


KENNEY LENNON & EGAN, P.C.
Peter Lennon
3031 Walton Road, Suite 202
Plymouth Meeting, PA 19462
Telephone: (610) 940-9099
Facsimile: (610) 940-0284

ZIMMERMAN, LEVY & KORINSKY LLP
Jean Marc Zimmerman
226 St. Paul Street
Westfield, NJ 07090
Telephone: (908) 654-8000
Facsimile: (908) 654-7207

SKLAR LAW OFFICES
Lori J. Sklar
2234 Sherwood Court
Minnetonka, MN 55305
Telephone: (952) 546-1051
Facsimile: (952) 516-5353

*Additional Counsel for Plaintiffs*